STATE OF MINNESOTA

IN SUPREME COURT

A23-1257

Ramsey County

State of Minnesota,

Respondent,

vs.

Kyaw Be Bee,

Appellant.

McKeig, J.
Took no part, Gaïtas, J.

Filed: February 19, 2025
Office of Appellate Courts

_____

Keith Ellison, Attorney General, Saint Paul, Minnesota; and

Lyndsey M. Olson, Saint Paul City Attorney, Caroline R. Radmacher, Assistant Saint Paul City Attorney, Saint Paul, Minnesota, for respondent.

Drake D. Metzger, Metzger Law Firm, LLC, Minneapolis, Minnesota, for appellant.

_____

S Y L L A B U S

The definition of "public place" under Minn. Stat. § 624.7181, subdivision 1(c) (2024), includes the interior of a motor vehicle on a public roadway.

Affirmed.

1

McKEIG, Justice.

During a traffic stop and subsequent search of appellant Kyaw Be Bee's vehicle, a deputy of the Ramsey County Sheriff's Department found a BB gun under the driver's seat. The State charged Bee with violating Minn. Stat. § 624.7181, subd. 2 (2024), which provides: "Whoever carries a BB gun, rifle, or shotgun on or about the person in a public place is guilty of a gross misdemeanor."  The district court dismissed the complaint against Bee for lack of probable cause because it determined the interior of a motor vehicle on a public roadway is not a "public place" within the meaning of the statute as a matter of law. The court of appeals reversed the district court, holding that "public place" unambiguously includes the interior of a motor vehicle on a public roadway.  *State v. Bee*, 5 N.W.3d 713, 720 (Minn. App. 2024).  We granted review on the sole issue of whether the interior of a private motor vehicle traveling on a public road is a "public place" as defined by Minn. Stat. § 624.7181, subd. 1(c) (2024).  Because "public place" under subdivision 1(c) unambiguously includes the interior of a motor vehicle on a public roadway, we affirm the decision of the court of appeals.

**FACTS**

On May 16, 2022, at around 2:05 a.m., a deputy with the Ramsey County Sheriff's Department stopped a vehicle traveling on a public roadway in Saint Paul.  Kyaw Be Bee was driving the vehicle.  During the stop, the deputy found a BB gun under the driver's seat.  Bee did not have a permit to carry a firearm in public.  The State later charged Bee with one count of carrying a BB gun, rifle, or shotgun in a public place in violation of

Minn. Stat. § 624.7181, subd. 2, which is a gross misdemeanor. Subdivision 1(c) of the

statute defines "public place" as follows:

> (c) "Public place" means property owned, leased, or controlled by a governmental unit and private property that is regularly and frequently open to or made available for use by the public in sufficient numbers to give clear notice of the property's current dedication to public use but does not include: a person's dwelling house or premises, the place of business owned or managed by the person, or land possessed by the person; a gun show, gun shop, or hunting or target shooting facility; or the woods, fields, or waters of this state where the person is present lawfully for the purpose of hunting or target shooting or other lawful activity involving firearms.

Before trial, the district court dismissed the complaint against Bee for lack of

probable cause. The district court held that, as a matter of law, the interior of a motor

vehicle on a public roadway does not fall within the definition of a "public place" because

a private vehicle is not regularly and frequently open to and made available for use by the

public. The State appealed the district court's pretrial dismissal for lack of probable cause.[1]

The parties dispute whether the relevant "place" under the statute is the interior of

Bee's motor vehicle or the road on which he was driving. The State maintains that Bee

was in a public place at the time of the stop because he was traveling on a public roadway,

---

[1]     To *obtain review* of a pretrial order, the State must satisfy the threshold requirement of demonstrating that the pretrial ruling had a critical impact on its ability to prosecute the case. *State v. Underdahl*, 767 N.W.2d 677, 681 (Minn. 2009) (explaining that, in the absence of critical impact, we will not review the State's challenge to a pretrial order). Here, the State satisfied the threshold requirement because the district court's dismissal for lack of probable cause undoubtedly had a critical impact on the State's ability to prosecute the case. To *obtain a reversal* of the pretrial order, the State must demonstrate clearly and unequivocally that the district court had erred. *Id.* To be clear, this required showing of error does not require deference to the district court's legal conclusions. *State v. Lugo*, 887 N.W.2d 476, 485 (Minn. 2016). As explained below, the court of appeals reversed the pretrial order because the State satisfied the required showing of error.

which is "property owned, leased, or controlled by a governmental unit." Minn. Stat. § 624.7181, subd. 1(c). Bee contends, however, that the interior of his motor vehicle falls under the "private property" part of the definition, which would require the vehicle to be "regularly and frequently open to or made available for use by the public." *Id.*

The court of appeals held that the term "public place" unambiguously includes the interior of a privately owned motor vehicle on a public road. *Bee*, 5 N.W.3d at 720. Partially relying on our decision in *State v. Serbus*, 957 N.W.2d 84 (Minn. 2021), the court of appeals determined that "public place" is unambiguous here because the term is being used in the geographical rather than spatial sense. *Id.* at 719–20. Put differently, the court of appeals concluded that the relevant "place" for purposes of the statute is the public road on which Bee was traveling rather than the interior of his vehicle. The court of appeals further concluded that it would reach the same result even if the definition of "public place" were ambiguous. *Id.* at 720–21. Having concluded that the district court's order dismissing the complaint for lack of probable cause was based on an erroneous view of the law, the court of appeals reversed and remanded to the district court.

Bee filed a petition for review with our court. We granted review on the sole issue of whether the interior of a private motor vehicle traveling on a public road is a "public place" as defined by Minn. Stat. § 624.7181, subd. 1(c).

**ANALYSIS**

The issue presented in this case is a question of statutory interpretation. The interpretation of a statute is a question of law that this court will review de novo. *Serbus*, 957 N.W.2d at 87. In addressing this question, we must first consider whether the statutory

4

term "public place" is ambiguous. A term is ambiguous if it is susceptible to more than one reasonable interpretation. *Id.* at 88. If the language of a statute is unambiguous, we will apply the statute's plain meaning. *State v. Haywood*, 886 N.W.2d 485, 488 (Minn. 2016). We determine plain meaning by looking to the statutory text and context. *Id.* Because we hold that there is only one reasonable interpretation of the term "public place," we will not consider the tools of statutory construction that may be applied if a statute is ambiguous. *See Walsh v. State*, 975 N.W.2d 118, 122 (Minn. 2022).

We conclude that "public place" under subdivision 1(c) unambiguously includes the interior of a motor vehicle on a public roadway for two reasons. The first and most compelling reason comes from another subsection of the same statute. Minnesota Statutes § 624.7181, subd. 1(b)(5) (2024), states: " 'Carry' does not include . . . the transporting of a BB gun, rifle, or shotgun in compliance with section 97B.045." Section 97B.045 tells us that a person may only transport a firearm in a motor vehicle under certain conditions, including in a gun case, unloaded and in the closed trunk of the vehicle, or with a valid permit. Minn. Stat. § 97B.045 (2024). If "public place" does not include the interior of a motor vehicle on a public roadway, then there would be no reason to specifically exempt certain instances in which a BB gun, rifle, or shotgun would be found in a motor vehicle on a public road. The court of appeals appropriately recognized this, reasoning that "[t]he existence of the exceptions indicates that, in the absence of an exception, it may be unlawful to carry a BB gun, rifle, or shotgun in a motor vehicle." *Bee*, 5 N.W.3d at 720.

We must read and construe the text of a statute as a whole so as to harmonize and give effect to all its parts. *State v. Johnson*, 995 N.W.2d 155, 160 (Minn. 2023); *State v.*

5

*Friese*, 959 N.W.2d 205, 212 (Minn. 2021). Accordingly, we consider the exemption listed in subdivision 1(b)(5) as relevant to the definition of "public place" under subdivision 1(c). Despite Bee's assertion that we should not consider subdivision 1(b)(5) because it relates to the "carry" element of the offense rather than the "public place" element, we are required to read and construe the text of the statute as a whole.

Second, we look to the definition of "public place" itself. Subdivision 1(c) lists specific locations that are not public places even if they might otherwise fall under the statute. This includes a person's house, place of business, and land, as well as gun shops and land where an individual is present for the purposes of hunting or other lawful activity involving firearms. Minn. Stat. § 624.7181, subd. 1(c). All the places listed as exempt from the statute are immovable structures or lands. The use of real property in this context implies that the term "public place" generally refers to the geographic rather than spatial location. *Cf. Serbus*, 957 N.W.2d at 88. That would mean the relevant "place" is the public roadway on which Bee was traveling rather than his personal vehicle.

These two reasons alone are sufficient for us to conclude that "public place" under subdivision 1(c) unambiguously includes the interior of a motor vehicle on a public roadway. The court of appeals, however, further reasoned that the Legislature's use of the phrase "dedication to public use" in subdivision 1(c) also informs our understanding of the term "public place." *Bee*, 5 N.W.3d at 719. Under Minn. Stat. § 624.7181, subd. 1(c), "public place" includes "private property that is regularly and frequently open to or made available for use by the public in sufficient numbers to give clear notice of the property's current *dedication to public use*." (emphasis added). According to the court of appeals,

"dedicat[ed] to public use" is a legal term of art used in connection with real property, which supports the conclusion that "public place" is limited to real property. *Bee*, 5 N.W.3d at 719. We do not believe the Legislature used the phrase "dedication to public use" in its technical real property sense in this statute. Holding that this statute references a "dedication to public use" as a legal term of art would imply that the *only* private property that qualifies as a public place is such property that has been formally dedicated to public use. For this reason, the phrase "dedicated to public use" does not control the result we reach here.

Our holding also does not depend on any other interpretation by our court of "public place" in another statute. We recently held that "public place" under Minn. Stat. § 624.7142 (2024) includes the interior of a motor vehicle on a public road. *See Serbus*, 957 N.W.2d at 93. Section 624.7142 criminalizes carrying a pistol in a public place while under the influence of alcohol or a controlled substance. There is no definition in that statute for "public place." We determined that the definition of "public place" under section 624.7142 is ambiguous because "place" may be used in a geographical or spatial sense. *Id.* at 88. We went on to conclude that, under the post-ambiguity canons of statutory construction, the interior of a motor vehicle on a public roadway is considered a "public place" under the statute. *Id.* at 92. Unlike section 624.7142, the statute at issue in this case—section 624.7181—specifically defines "public place" under subdivision 1(c). When a word is defined by statute, this court is guided by the definition provided by the Legislature. *Wayzata Nissan, LLC v. Nissan North America, Inc.*, 875 N.W.2d 279, 286

7

(Minn. 2016). Because section 624.7181, subdivision 1(c) clearly defines "public place," *Serbus* does not guide our decision here insofar as it defines "public" and "place."

\*　　\*　　\*

Considering the exemptions listed in subdivision 1(c) and the motor vehicle exception in subdivision 1(b)(5), we hold that the definition of "public place" under section 624.7181 is unambiguous as it relates to the interior of a motor vehicle on a public roadway. The plain language of subdivision 1(c) includes the interior of a motor vehicle on a public road as a public place. Because we decide this case on the statute's plain language, we do not examine the canons of construction that would only be relevant if there was more than one reasonable interpretation of "public place." For the reasons stated above, as well as the fact that the parties do not contest that Bee was traveling on a public roadway at the time he was pulled over, we conclude that the court of appeals properly reversed the district court's order dismissing the complaint for lack of probable cause.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the court of appeals.

Affirmed.

GAÏTAS, J. took no part in the consideration or decision of this case.